RICHARD CLAY SIBLEY, Appellant, *v.* GEORGE STUART SMITH, Respondent.

*Arrest — motion to reduce bail — what is not a waiver thereof — the term of possible imprisonment to be considered in fixing the amount — actual custody is not essential.*

Where the plaintiff in an action to recover $100,000 damages for the alienation of his wife's affections, obtains an order of arrest from a justice of the Supreme Court, the defendant, by giving bail which was fixed at $20,000 without objection and without reserving his right to make a motion to reduce the amount thereof, does not waive his right to make such a motion under section 567 of the Code of Civil Procedure.

The right to make such a motion is not restricted to a case in which the defendant is in actual custody.

In the present case the Appellate Division held that in fixing the amount of the bail the Special Term should take into consideration the fact that the utmost time the defendant could be imprisoned or kept upon the jail limits was six months and that the bail was properly reduced to $5,000.

APPEAL by the plaintiff, Richard Clay Sibley, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of September, 1901, granting the defendant's motion for the reduction of bail required to be given by an order of arrest.

*L. Laflin Kellogg,* for the appellant.

*J. Noble Hayes,* for the respondent.

INGRAHAM, J.:

This action was brought to recover $100,000 as damages for the alienation from the plaintiff of his wife's affections. The plaintiff obtained an order of arrest from a justice of the Supreme Court, and bail was fixed at $20,000. The defendant was arrested under this order, and thereupon a motion was made to reduce the amount of bail. That motion came on before a Special Term presided over by the same justice who granted the original order of arrest and he reduced bail to the sum of $5,000, and from the order reducing the bail the plaintiff appeals.

On this appeal the plaintiff claims that by giving bail without objection and without reserving his right to apply to reduce the

amount, the defendant waived his right to have the bail reduced, and the motion for that reason should have been denied. Whatever the rule in this respect was before the Code of Civil Procedure, the right is there given to the defendant to move to reduce the amount of bail at any time before final judgment, where he has been arrested as prescribed in that title of the Code (§ 567). This right is not restricted to a case in which the defendant is in actual custody, but where he has been arrested he is given the absolute right to move either to vacate the order of arrest or to reduce the amount of bail. The authority to reduce the bail is the same as that which authorizes the court to vacate the order of arrest, and certainly the court has power to vacate the order of arrest after the defendant had given the bail prescribed by the Code.

We think this bail as originally given was excessive. The bail is not given to secure the payment of a judgment obtained by the plaintiff, but simply to secure the presence of the defendant in case an execution should be issued against his person. Under such an execution under the present provisions of the Code the defendant would be entitled to his discharge after confinement within the jail limits for six months, and certainly nothing appears in this case to suggest that bail in the amount of $20,000 was necessary to secure the attendance of the defendant in case a judgment were obtained against him.

The cases cited by the plaintiff as to the amount of bail that should be required, decided before the provisions of the Code limiting an imprisonment under an execution against the person to six months, are not applicable, for at that time the plaintiff was entitled to take the body of the defendant on the execution in satisfaction of his judgment. Under the present system the limit for which the defendant can be held is six months, and that fact should be considered in fixing the amount.

The question as to whether the amount of the reduced bail is excessive is not before the court, as the defendant has not appealed from the order, but in an ordinary criminal charge for a misdemeanor, which might involve an imprisonment for a year, exceptional circumstances would be required to justify the court or a judge in holding a defendant to bail, even in the amount to which the bail in this case was reduced. So far as we can see from this

record, there is nothing to justify the court in fixing the amount of bail in excess of $5,000.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J.; PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.